UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIVARAM K. RAO, | ) 1:09-cv-00303-AWI-SMS |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS RE: |
| v. | ) PLAINTIFF'S MOTION TO REMAND |
| | ) ACTION TO STATE COURT AND FOR |
| TYSON FOODS, INC., | ) ATTORNEY'S FEES AND COSTS, AND |
| | ) PLAINTIFF'S REQUEST FOR JUDICIAL |
| Defendant. | ) NOTICE (DOCS. 18, 25) |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

Pending before the Court is the motion of Plaintiff Shivaram K. Rao (Plaintiff or Rao) to remand the action to state court and for attorney' fees and costs, filed on March 12, 2009, along with a memorandum of points and authorities, a supporting declaration of Armand George Skol with exhibits, and a proposed order. Opposition was filed on March 31, 2009, including a memorandum, the declaration of Theodora R. Lee with attached exhibits, and a certificate of service. A reply, which included a reply, a request for judicial notice, objections to the Declaration of Theodora R. Lee, and a declaration of Skol with attached

1

exhibits, was filed on April 9, 2009.

Plaintiff's motion came on regularly for hearing on April 17, 2009, at 9:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Armand George Skol and Jineen T. Espinosa appeared on behalf of Plaintiff; Theodora R. Lee appeared telephonically on behalf of Defendant. After argument, Plaintiff submitted under seal additional documents, consisting of a deposition transcript and exhibits thereto, including a letter constituting an exhibit to the deposition, pursuant to the Court's request at the hearing.[1] The motion was submitted to the Court upon the submission of the additional documents.

I. Authority of the Magistrate Judge to Determine the Motion

Title 28 U.S.C. § 636(b) provides in pertinent part:

(1) Notwithstanding any provision of law to the contrary--
    (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.
    (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted

---

[1] The documents were described in the initial motion but were not immediately submitted because of their confidential character.

2

> of criminal offenses and of prisoner petitions
> challenging conditions of confinement.

Fed. R. Civ. P. 72 provides in pertinent part:

> (a) Nondispositive Matters. When a pretrial matter
> not dispositive of a party's claim or defense is
> referred to a magistrate judge to hear and decide,
> the magistrate judge must promptly conduct the
> required proceedings and, when appropriate, issue
> a written order stating the decision. A party may
> serve and file objections to the order within 10 days
> after being served with a copy. A party may not assign
> as error a defect in the order not timely objected to.
> The district judge in the case must consider timely
> objections and modify or set aside any part of the
> order that is clearly erroneous or is contrary to law.
>
> (b) Dispositive Motions and Prisoner Petitions.
> (1) Findings and Recommendations. A magistrate judge
> must promptly conduct the required proceedings when
> assigned, without the parties' consent, to hear a
> pretrial matter dispositive of a claim or defense
> or a prisoner petition challenging the conditions
> of confinement. A record must be made of all
> evidentiary proceedings and may, at the magistrate
> judge's discretion, be made of any other proceedings.
> The magistrate judge must enter a recommended disposition,
> including, if appropriate, proposed findings of fact.
> The clerk must promptly mail a copy to each party.

The question presented is whether a motion to remand a proceeding to state court is a nondispositive motion that a magistrate judge can determine, or a dispositive motion that a district judge must determine so that a magistrate judge may only issue only findings and recommendations. Some of the circuit courts of appeals have held that motions to remand are dispositive, and thus a magistrate judge does not have jurisdiction to determine such a motion. The reasoning is that although such motions are not enumerated in § 636(b)(1)(A), they nevertheless are functionally the equivalent of a motion for involuntary dismissal because they determine that there will not be a federal forum available to entertain a particular dispute.

3

Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack of decisions from other circuits); First Union Mortgage Corp. v. Smith, 229 F.3d 992, 994-97 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998). The Ninth Circuit has not taken a position on whether or not a Magistrate Judge can rule on a motion to remand an action to state court. Some district courts have taken the position that a motion to remand is not dispositive and thus may be determined by a magistrate judge. See Bearden v. PNS Stores, Inc., 894 F. Supp. 1418, 1419 n. 1 (D. Nev. 1995); Wyatt v. Walt Disney World Co., 1999 WL 33117255 (W.D.N.C. July 26, 1999) (collecting cases).

The present motion involves a determination of the availability of a federal forum. In an abundance of caution, the Magistrate Judge will thus proceed by way of findings and recommendations.

II. Factual Summary

On September 25, 2008, Plaintiff Shivaram K. Rao, Ph.D., filed a complaint for declaratory relief and intentional infliction of emotional distress in the Stanislaus County Superior Court. (Decl. of Armand George Skol in support of Plaintiff's motion to remand, Ex. A, p. 1.) The original complaint alleged that Plaintiff, a resident of Modesto who commenced employment with Foster Poultry Farms, Inc. (Foster), a company based in Livingston, California, beginning on September 9, 2008, had previously been employed by Defendant Tyson Foods, Inc. (Tyson), and had signed a three-year employment agreement on September 6, 2005, with Tyson. (Cmplt. pp. 1, 3-4.) The agreement

4

contained a non-disclosure, non-competition, and non-solicitation agreement containing a promise by the employee that he would not participate in any position in any business in direct competition with Tyson for one year after the expiration of the employment. (Id. ¶ 7.) In the original complaint it was alleged that Tyson demanded that Plaintiff cease his employment and sent a similar demand to Foster. (Id. ¶ 10.) Plaintiff alleged that although the agreement provided that venue was to be in Arkansas, and that the agreement was governed by the laws of the state of Delaware, California had a materially greater interest in having its law applied, and the agreement was unenforceable under California law as an unlawful business practice and illegal restaint on trade; Plaintiff sought declaratory relief and damages and for Tyson's having exerted pressure directly on Foster for the purpose of causing Plaintiff to quit or be forcibly relieved of his employment and livelihood and thereby having caused Plaintiff to suffer severe emotional distress and mental anguish concerning his employment. (Id. ¶¶ 12-22.) This complaint was served on Tyson on September 29, 2008. (Decl. Skol ¶ 2.)

    Plaintiff's motion for leave to file a first amended complaint (FAC), which included a copy of the proposed FAC, was served on Tyson on December 23, 2008. (Id. ¶ 3.) The FAC alleged additional facts concerning Tyson's having given to Plaintiff, as additional consideration for his signing the agreement, 3,409.0909 shares of Tyson Class A common stock (restricted stock), subject to a restricted stock grant agreement, and having awarded dividends of 105.3817 shares, for a total of 3,524.4726 total shares including dividends, which vested on or about

5

September 6, 2008, the date upon which the agreement expired. (FAC ¶¶ 8-9.) Plaintiff alleged that pursuant to his instructions, Tyson had sold his shares, but contrary to Plaintiff's instructions, Tyson further retaliated against him by failing and refusing to deliver the proceeds to Plaintiff. (Id. ¶¶ 11, 23.) Plaintiff added claims for breach of contract, breach of implied covenant of good faith and fair dealing, imposition of a constructive trust, conversion, wrongful retaliation (based on the threats regarding Plaintiff's employment with Foster and attempting to deprive Plaintiff of his livelihood as well as the refusal to pay Plaintiff for his stock) in violation of public policy, restitution for unfair business practices, and intentional interference with economic relations. (FAC pp. 7-17.)

Plaintiff's deposition was taken by Tyson's counsel on December 30, 2008, at which time the parties stipulated that the amount of Plaintiff's salary at Foster was what was stated in a confidential document (a letter offering employment at Foster); that amount was more than twice the jurisdictional minimum of this Court ($75,000). (Decl. Skol ¶ 4.) Further, another copy of the FAC was provided to Tyson's counsel, and Plaintiff was questioned at length concerning the new allegations. (Decl. Skol ¶ 5.)

On January 12, 2009, Tyson's counsel signed a stipulation to permit the filing of the first amended complaint; terms of the stipulation were that the only substantive difference between Plaintiff's complaint and Plaintiff's first amended complaint was that the FAC added causes of action relating to the grant of stock to Plaintiff by Defendant; and that the FAC was deemed

6

filed with the Court and served on Defendant as of the date the Court signed the stipulation. The stipulation was signed by the Court on January 15, 2009. A copy of the FAC was attached to the stipulation. (Decl. of Skol, ¶ 6, Ex. C; Ex. C, Stip., p. 3.)

On January 2, 2009, Tyson filed a motion to transfer venue or to stay the action. Tyson argued that the employment agreement contained a forum selection provision designating the Circuit Court of Washington County, Arkansas, as the exclusive venue for resolution of all disputes among the parties, and the action should be transferred there or stayed pending the resolution of a case pending there involving the same parties and the same issues. (Decl. of Skol, ¶ 7, Ex. D, pp. 1-2.) The Arkansas complaint is not dated, and the filing stamp is not fully legible, but it appears that the complaint was filed September 30, 2008. (Id. at Complaint p. 1.) In the complaint, Tyson alleges, and seeks relief for, breaches of section 8(c) of the agreement concerning use or disclosure to any third party confidential, proprietary and/or trade secret information[2] without Tyson's express written consent (¶¶ 11-12, 19-21, 27, 31, 38) as well as of section 8(e) of the agreement concerning participating in any employment or position with a direct competitor of Tyson in the United States if the duties and responsibilities of such employment or other position were substantially similar to those of the position Plaintiff held with Tyson (¶¶ 13, 23-26, 32, 39).

A tentative ruling by Judge Roger M. Beauchesne of

---

[2], The confidential information in question concerns the development of highest quality, most cost-competitive chicks, and specifically, the most effective and economical food, in an allegedly highly competitive industry.

7

Department 24 of the Stanislaus County Superior Court copied on February 3, 2009, indicated that the motion to transfer venue or stay the action would be denied because of 1) a substantial interest in the state of California in adjudicating the right of an employee in California to work and to choose the employer, 2) a difference in the relief sought in the two suits such that the Arkansas suit would not necessarily provide the Plaintiff with substantial justice, and 3) a lack of promotion of the convenience of witnesses by a change of venue. (Decl. of Skol, ¶ 9, Ex. F.) A transcript of a hearing held on February 4, 2009, reflects that in the presence of Tyson's counsel, the state court denied the motion on that date, confirming its tentative ruling in its entirety. (Id., Ex. G, p. 22.)

    The docket of this Court reveals that on February 13, 2009, Tyson's notice of removal of the civil action from Stanislaus County was filed here. Defendant stated in the notice that jurisdiction over the action was based on complete diversity of citizenship because it was a civil action between citizens of different states, with Tyson being a Delaware corporation, and because the amount in controversy exceeded $75,000, exclusive of interest and costs. Defendant Tyson alleged that removal was timely because the FAC, which was served on Defendant on January 15, 2009, was the first pleading which warranted removal based on the amount in controversy, and Tyson filed the notice of removal within thirty days thereafter and within one year of the commencement of the action. (Notice of Removal, ¶ 14.) Tyson stated in the notice of removal that valuing Rao's Tyson stock as of 10:10 a.m. on February 13, 2009, produced a value of

$30,259.6091, and the declaration of attorney Theodora R. Lee filed in support of the notice of removal states that New York Stock Exchange values were used. Further, based on the numerous claims stated by Plaintiff on the face of the FAC and related prayers for exemplary as well as compensatory damages, the damages would "easily total $75,000...." (Doc. 5, ¶ 4.)

III. Analysis

### A. Timeliness of the Motion to Remand

Because the motion was filed within thirty days of the notice of removal, the motion is timely pursuant to 28 U.S.C. § 1447(c), which provides that a motion to remand a case on the basis of any defect other than subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under section 1446(a).

### B. Timeliness of Removal

#### 1. General Principles of Removal

Title 28 U.S.C. § 1441 provides for removal. The statute regarding removal is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992). When the plaintiffs move for remand, a defendant's burden of proof depends upon the allegations in the complaint. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699-700 (9th Cir. 2007). Where a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, the requirement is presumptively satisfied unless it appears to a legal certainty that the plaintiff cannot actually recover that

9

amount. Guglielmino, 506 F.3d at 699. Where it is unclear or ambiguous from the face of a state court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount; defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount. Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (holding that where the amount in controversy was not alleged in the complaint, and where the Plaintiff provided no factual support for the assertion that the amount was sufficient to support federal diversity jurisdiction, the presumption of an absence of jurisdiction was not overcome); Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 861-62 (9th Cir. 1996) (holding that in an action removed from state court and in which summary judgment for the defendant was granted in federal district court, where a complaint did not specify the amount in controversy, the defendant's reliance on potential disgorging of premiums was insufficient to establish the jurisdictional amount where there was no evidence of what the amount of premiums would be). Where a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, it has been held that the party seeking removal must prove with legal certainty that the jurisdictional amount is met. Guglielmino v. McKee, 506 F.3d at 699-700 (citing Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994, 998-1000 (9th Cir. 2007)).

    Where reference must be made to the facts, the facts must be assessed on the basis of the complaint at the time of removal.

St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Thus, where the amount claimed is not stated in the complaint or it is not clear from the complaint that the amount in controversy is sufficient, the defendant must go beyond the notice of removal and provide actual evidence to the Court regarding the amount in controversy. In considering the complaint, only costs and interest are excluded. 28 U.S.C. 1332(a). The value of other items sought to be recovered, such as attorney's fees, health benefits, taxes, must be included within the sum determined. Guglielmino, 506 F.3d at 701 (where the complaint alleged that damages were less than $75,000.00, did not state an overall amount sought to be recovered, but also sought attorney's fees, back payment of health benefits, taxes, and an accounting, use of the preponderance standard to determine that the amount was met was appropriate).

### 2. Time Limit for Removal

Defendant argues that removal on February 13, 2009, was timely and relies on the filing of the FAC on January 15, 2009, as being the first time at which the removal period started running. Plaintiff argues that Defendant's removal of the case was untimely and that the original complaint, and/or pre-service notice of the proposed first amended complaint, were sufficient to start the removal period to run.

Title 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has

11

>     then been filed in court and is not required to be
>     served on the defendant, whichever period is shorter.
>
>     If the case stated by the initial pleading is not
>     removable, a notice of removal may be filed within
>     thirty days after receipt by the defendant, through
>     service or otherwise, of a copy of an amended pleading,
>     motion, order, or other paper from which it may first
>     be ascertained that the case is one which is or has
>     become removable, except that a case may not be removed
>     on the basis of jurisdiction conferred by section 1332
>     of this title more than 1 year after commencement of
>     the action.

If a notice of removal is filed after the thirty-day period, it is untimely, and remand to state court is appropriate. Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007).

The first thirty-day removal period is triggered by a defendant's receipt of an initial pleading that affirmatively reveals a basis for removal. To trigger the thirty-day removal period, the facts supporting removal must be evident on the face of the complaint; notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). If no ground for removal is evident in that pleading, then the case is not removable at that stage, and the notice of removal may be filed within thirty days after a defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper. Id.

Here, the original complaint stated a claim for declaratory relief concerning whether or not a provision of the employment agreement between Plaintiff and Defendant, which Plaintiff signed on or about September 6, 2005, and which prohibited Plaintiff's

participation in any position in any business in direct competition with Tyson as an executive, officer, or manager with substantial similar duties to those he held while employed by Tyson. (Decl. Skol, Ex. A, ¶¶ 7-12, 13-17.) Plaintiff sought to have the non-competition clause declared to be invalid and unenforceable as a matter of law because, as the complaint alleged, Tyson had by letter sent to Rao on September 19, 2008, threatened to enforce the agreement by seeking injunctive relief, and it had demanded that Plaintiff cease and desist from any employment with Foster Farms during the pertinent time period. (Id.)

No sum of money was stated in the original complaint. The Court will not attempt to ascertain the subjective knowledge of Tyson concerning the value of Plaintiff's employment at Foster at the time the complaint was filed. However, at the deposition of Plaintiff held on December 30, 2008, a letter from Foster offering to Plaintiff employment at Foster was introduced as an exhibit to the deposition by Mr. Jones, counsel for Defendant Tyson. (Dep. Tr. p. 113, ll. 11-25.) The letter was dated June 11, 2008, and it stated a sum for Plaintiff's annual salary. (Id., Ex. 12.) Mr. Skol and Ms. Lee stipulated on the record that the sum stated in the letter was the compensation received by Plaintiff at the time of the deposition as well. (Dep. Tr. pp. 214-15.) It is clear that Defendant Tyson received the document that was an exhibit to the deposition no later than as of the time of the deposition because it was Mr. Jones, who represented Tyson, who had the document marked for identification and questioned Plaintiff concerning it. (Id. pp. 113-14.)

The document established that Plaintiff's annual salary exceeded the jurisdictional minimum of this Court.

It is established that in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977). Where a right to conduct business affairs is valued, it is measured by the losses that would follow from enforcement of the matter sought to be invalidated. Id. Here, from the paper received by Defendant at the deposition, it is clear that Plaintiff would lose twice the amount required to be in controversy for subject matter jurisdiction to be found in this Court. It is not necessary in this circuit that a paper received by a party be formally filed with the Court in order for it to be received by a party within the meaning of § 1446(b). For example, in Babasa v. Lenscrafters, Inc., 498 F.3d 972, 974-75 (9th Cir. 2007), the court considered a class action and found § 1446(b) to be applicable. It concluded that the receipt by defense counsel of a letter sent by Plaintiff's counsel to defendant's counsel in connection with upcoming medication was sufficient to start the thirty-day period running where the letter confirmed data concerning the size of the class and extent of any violation, was expressly sent in preparation for the mediation, and estimated the amount of damages.

It is appropriate to consider deposition testimony in determining subject matter jurisdiction. Felton v. Unisource Corp. 940 F.2d 503, 507-08 (9th Cir.1991); see, Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 974-75 (9th Cir. 1993). A

deposition has been considered to be a writing or other paper pursuant to § 1446(b). <u>Riggs v.Continental Baking Co.</u>, 678 F.Supp. 236, 238 (N.D.Cal. 1988).

Accordingly, the Court concludes that removal more than thirty days after December 30, 2008, was untimely.

Although the parties have made arguments concerning the first amended complaint, which was received by Defendant before it was filed, in view of the foregoing conclusion, the Court finds its unnecessary to consider the first amended complaint, which reiterated the declaratory relief claim, and further finds it unnecessary to consider whether litigation of the forum nonconveniens motion by Defendant effected a waiver of Defendant's right to remove the case from state court.

### IV. <u>Fees and Costs</u>

Plaintiff seeks costs and attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that in granting a motion to remand, a court may award just costs and any actual expenses, including attorney's fees.

Absent unusual circumstances, a court may award attorney's fees pursuant to § 1447(c) in its discretion when an award of fees is just. Fees may be awarded only where the removing party lacked an objectively reasonable basis for seeking removal; where an objectively reasonable basis existed, fees should be denied. <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 138-39, 141 (2005). The policies underlying the statute are to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, and not to undermine Congress's basic decision to afford defendants a right to remove as a

15

general matter when the statutory criteria are satisfied. Id. at 140. A court has discretion to depart from the rule where unusual, relevant circumstances are present, such as where a plaintiff delays in seeking remand or fails to disclose facts necessary to determine jurisdiction. Id. at 141.

Here, Defendant's reasoning as to the timing of removal was not objectively reasonable because Defendant had received a paper, the exhibit at the deposition held on December 30, 2008, with information concerning the value of a pending declaratory relief claim long before the date the first amended complaint was formally filed or deemed filed. Further, Defendant reasoned, without an objectively reasonable basis for doing so, that case authority applicable to service of an initial pleading pursuant to § 1446(b) was also dispositive of a separate issue concerning receipt of a copy of an amended pleading or "other paper" referred to in the second paragraph of § 1446(b).

Therefore, the Court concludes that fees and costs should be awarded.

The term "just costs" includes fees incurred in bringing the motion to remand and is limited to costs that were incurred in federal court that would not have been incurred had the case remained in state court. Tenner v. Zurek, 168 F.3d 329, 330 (7th Cir. 1998). Here, although Plaintiff's counsel has established the hourly rate of the attorneys in question, the amount of fees sought by Plaintiff is unreasonable. Considering the facts of the case, the pertinent law, and the circumstances concerning the making and argument of the motion, a reasonable amount of hours for researching, preparing, and appearing and arguing the motion

is nine hours of time for Mr. Skol at $300, amounting to $2,700, and ten hours of time for associate Espinoza at $250, amounting to $2,500, totaling $5,200.00.

V. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that

1) Plaintiff's motion to remand this action to state court BE GRANTED; and

2) Plaintiff's request for judicial notice BE GRANTED; and

3) Plaintiff's motion for attorney's fees and costs BE GRANTED, and Plaintiff BE ENTITLED to payment of $5,200.00 in fees; and

4) The action BE ORDERED REMANDED to the Stanislaus County Superior Court.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

///

//////

////////

17

636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 27, 2009**                             /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE