**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHIVRAM K. RAO,** ) | **1:09-CV-303  AWI SMS** |
| ) | |
| **Plaintiff,** ) | **ORDER ON FINDINGS AND** |
| ) | **RECOMMENDATIONS AND** |
| **v.** ) | **REMANDING CASE** |
| ) | |
| **TYSON FOODS, INC., and DOES 1-20,** ) | |
| **inclusive,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

Plaintiff Shivram Rao ("Rao") is proceeding with a civil action in this Court against his former employer, Defendant Tyson Foods, Inc. ("Tyson") in which he seeks, *inter alia*, declaratory relief which would invalidate a non-competition clause.  The action was initially filed in state court, but was removed by Tyson on the basis of diversity jurisdiction.  Rao filed a motion to remand.  The remand motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

On April 27, 2009, the Magistrate Judge filed findings and recommendations that Rao's motion to remand the action to state court, request for judicial notice, and an award of attorney's fees be granted.  Tyson filed objections on May 28, 2009.  The Court has conducted a *de novo* review of the those portions of the findings to which objection has been made.  See 28 U.S.C. § 636(b)(1)(C); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).

*First Objection*

Tyson takes issue with the Magistrate Judge's conclusion that removal was untimely. The Magistrate Judge found that Tyson was on notice of the removability of the action on December 30, 2008.  Rao's deposition was taken on that date and, during the deposition, an offer letter (to Rao from his current employer Foster Farms) was introduced as a deposition exhibit by Tyson.  The parties at the deposition also stipulated that the amount of compensation in the offer letter was the amount that Rao was receiving at the time of the deposition.  The offer letter shows that Rao's salary with Foster Farms easily exceeeds the jurisdictional minimum for this Court.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); Cohn v. Petsmart, Inc., 282 F.3d 837, 840 (9th Cir. 2002).  The value of the object of the litigation may be measured from the perspective of either the plaintiff or the defendant.  See In re Ford Motor Co., 264 F.3d 952, 958 (9th Cir. 2001); Ridder Bros. v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944).  From Rao's perspective, if the non-competition clause is not held invalid, then his salary and position with Foster Farms is in jeopardy.  That salary is more than the jurisdictional minimum.  Tyson's objections that it is not attempting to enforce the non-competition clause in California and that a California judgment would not be binding in Arkansas are not persuasive.[1]  Tyson is trying to enforce the clause against Rao and Foster Farms, albeit through a lawsuit in Arkansas, see March 12, 2009, Skol Declaration Exhibit D, and Tyson has not discussed why an Arkansas court would completely ignore a California judgment/declaration.  Simply put, from Rao's perspective and given his current employment, his request for a declaration that invalidates the non-competition clause is worth more than $75,000 to him.  This objection is overruled.

*Second Objection*

Tyson also objects that the law concerning whether depositions constitute an "other

---

[1] There is currently pending in Arkansas a lawsuit brought by Tyson against Rao and Foster Farms.

1  paper" under 28 U.S.C. § 1446(b)[2] is unclear; thus, introduction of the letter at the December

2  deposition did not trigger the 30-day time period for removal.  However, the Ninth Circuit has

3  held that a settlement letter, <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 (9th Cir. 2002), as well as

4  a letter sent between attorneys in preparation for mediation, <u>Babasa v. Lenscrafters, Inc.</u>, 498

5  F.3d 972, 975 (9th Cir. 2007), were sufficient to put the respective defendants on notice that the

6  amount in controversy exceeded that required for federal diversity jurisdiction.  In this case, the

7  offer letter was made an exhibit to Rao's deposition and the parties stipulated that the amounts

8  stated therein represent Rao's current compensation.  The offer letter expressly identifies Rao's

9  salary and the dollar value of other benefits and thus, is sufficiently similar to the settlement

10  letter of *Cohn* and the letter in preparation of mediation in *Babasa* to put Tyson on notice of the

11  value of the declaratory relief to Rao.  This objection is overruled.

12  *Third Objection*

13  　　　Similar to the preceding objection, Tyson contends that imposition of attorney's fees as a

14  sanction is not warranted because various courts have recognized that it is not clear whether a

15  deposition is an "other paper."  "[C]ourts may award attorney's fees under [28 U.S.C.] § 1447(c)

16  only where the removing party lacked an objectively reasonable basis for seeking removal.

17  Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Martin v.</u>

18  <u>Frankline Capital Corp.</u>, 546 U.S. 132, 141 (2005); <u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d

19  1062, 1065 (9th Cir. 2008).  "As a general rule, if, at the time the defendant filed his notice [of

20  removal] in federal court, clearly established law demonstrated that he had no basis for removal,

21  then a district court should award a plaintiff his attorney's fees.  By contrast, if clearly established

22  law did not foreclose a defendant's basis for removal, then a district court should not award

23  attorneys' fees."  <u>Lott v. Pfizer, Inc.</u>, 492 F.3d 789, 793 (7th Cir. 2007); <u>see also</u> <u>Lussier</u>, 518

24  F.3d at 1066 (discussing with approval <u>Lott</u>).

25  　　　Tyson is correct that some courts hold that a deposition is not an "other paper" or that

26  ─────────────────────

27  　　[2]28 U.S.C. § 1446(b) states in relevant part, "If the case stated by the initial pleading is not removable, a
notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

28  copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is
one which is or has become removable . . . ."

courts have indicated that the issue is unclear.  E.g., Kiedaisch v. Nike, Inc., 2004 U.S. Dist.

LEXIS 2828, *5 n.1 (D. N.H. 2004); Smith v. Equitable Life Assur. Co., 148 F.Supp.2d 1247,

1253 (N.D. Ala. 2001); O'Brien v. Powerforce, Inc., 939 F.Supp. 774, 781 (D. Haw. 1996);

Fillmore v. Bank of Am., N.T. & S.A., 1991 U.S. Dist. LEXIS 6640, *9 n.4 (N.D. Cal. 1991).

However, in *Karambelas v. Hughes Aircraft*, 992 F.2d 971 (9th Cir. 1993), the Ninth Circuit

addressed whether the plaintiff's deposition testimony could form the basis for removal.

*Karambelas* held that the particular deposition testimony was too speculative to show that the

plaintiff was alleging an ERISA claim and thus, removal was improper.  See id. at 974-75.  Prior

to reaching that decision, the Ninth Circuit stated,

> Ah, says Hughes, but one cannot forget the deposition testimony. We have not
> forgotten it. *We are also aware of the authorities which permit removal based
> upon facts developed at a deposition.*  See, e.g., Felton, 940 F.2d at 507;[3] Zawacki
> v. Penpac, Inc., 745 F. Supp. 1044, 1047 (M.D. Pa. 1990); Riggs v. Continental
> Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988); Brooks v. Solomon Co., 542
> F. Supp. 1229, 1230-31 (N.D. Ala. 1982).  They do not militate for a finding of
> jurisdiction in this case.

Id. at 974 (ital. added).  The Ninth Circuit distinguished those cases because the testimony was

clear and non-speculative, unlike Karambelas's deposition.  See id. at 974-75.  *Riggs*, *Zawacki*,

and *Brooks* are all lower court cases that expressly held that a deposition can constitute an "other

paper" under § 1446(b).  Zawacki, 745 F.Supp. at 1047; Riggs, 678 F.Supp. at 238; Brooks, 542

F.Supp. at 1230-31.  *Felton* did not expressly discuss § 1446(b) because the plaintiffs in that case

had failed to preserve any error associated with removal.  See Felton, 940 F.2d at 907.

Nevertheless, the *Karambelas* court characterized *Felton* as a case that permits removal based

upon facts developed at a deposition.  Thus, the Ninth Circuit acknowledged cases that expressly

hold that depositions are "other papers" under § 1446(b), characterized one of its own prior cases

as an authority that permits removal based on facts from a deposition, examined Karambelas's

deposition testimony, and ultimately distinguished the quality of Karambelas's deposition

testimony from those in *Felton*, *Zawaki*, *Riggs,* and *Brooks*; the Ninth Circuit did not indicate

that depositions were not "other papers."  In light of *Karambelas*, the law does not seem unclear

in the Ninth Circuit – depositions, if sufficiently definite/non-speculative, may form the basis for

---

[3] Felton v. Unisource Corp., 940 F.2d 503 (9th Cir. 1991).

removal and thus, is an "other paper" under 28 U.S.C. § 1446(b).  That lower courts from other jurisdictions have concluded that depositions are not "other papers" does not make the law in the Ninth Circuit "unclear."[4]

In light of *Karambelas,* Tyson does not have a reasonable basis for contending that the amended complaint, and not the offer letter received at and made an exhibit to the deposition, triggered the 30 day removal deadline of § 1446(b).  The objection is overruled.

Having reviewed the objections, the Court agrees with and adopts the Findings and Recommendations.[5]

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendation filed April 27, 2009, are ADOPTED in full;

2.      Plaintiff's motion for attorney's fees is GRANTED and Plaintiff is entitled to a payment of $5,200.00; and

2.      Plaintiff's motion to remand is GRANTED, and this action IS ORDERED REMANDED to the Stanislaus County Superior Court forthwith.

IT IS SO ORDERED.

**Dated:    June 12, 2009                               /s/ Anthony W. Ishii**

CHIEF UNITED STATES DISTRICT JUDGE

---

[4]Tyson does cite two cases from district courts within the Ninth Circuit.  The Northern District of California case of *Fillmore* is from 1991 and thus, pre-dates *Karambelas*.  The 1996 case from the District of Hawaii, *O'Brien,* cites *Rivers v. In'tl Matex Tank Terminal,* 864 F.Supp. 556 (E.D. La. 1994).  *O'Brien* cited *Rivers*'s paranthetical characterization of *Karambelas*: "removal not justified based solely on cleverly elicited deposition testimony of plaintiff . . . ."  Rivers, 864 F.Supp. at 559; O'Brien, 939 F.Supp. at 781.  *O'Brien* also indicated that *Rivers* characterized *Karambelas* as an example of disinclination to hold depositions as "other papers."  Although *Karambelas* discussed "cleverly elicited deposition testimony," the key was that Karambelas's testimony was too speculative.  See Karambelas, 992 F.2d at 974-75 ("That testimony shows itself to be nothing but the speculation of person who feels himself wronged. . . . [¶¶] To find federal jurisdiction in this case, we would have to insist that it can be based upon nothing more than some speculative answers to clever questioning during the heat of a deposition." . . . [¶] When, at a deposition, he speculated that another possible reason for his discharge might have been to deprive him of ERISA rights, Hughes removed the case to federal court.  That mere simulacrum of a possible unasserted ERISA calim was insufficient to form a basis for federal jurisdiction.").  *Rivers*'s (and *O'Brien*'s) characterization of *Karambelas* overlooks the prior discussion and distinctions of *Felton, Zawacki, Riggs,* and *Brooks*, and focuses on the ultimate result (no basis for removal jurisdiction) and a portion of the holding that was not discussed in any detail (the "clever questioning").  Additionally, *O'Brien* has not been cited within this Circuit on the issue of whether depositions constitute "other papers."  *O'Brien* is not sufficient to create meaningful uncertainty.

[5]Tyson makes other objections, but those objections relate to arguments that were not considered by the Magistrate Judge and that would not alter the outcome.  Therefore, the Court will not address those objections.